UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JERELL SHOWERS,

    Plaintiff,

vs.                                      Case No.:

DENIS McDONOUGH, Secretary,
DEPARTMENT OF VETERANS AFFAIRS,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**INJUNCTIVE RELIEF REQUESTED**

Plaintiff Jerell Showers complains of Defendant Denis McDonough, Secretary, Department of Veterans Affairs, as follows:

**PARTIES**

1. James A Haley VA Medical Center (Haley VAMC) is a Veterans Administration (VA) hospital and medical center with related services. Haley VAMC is in Tampa, Hillsborough County, Florida. It is broken down into various services, including the Nursing Service.

2. Plaintiff is a Black, African American male, who has worked for Defendant at Haley VAHCS as a Registered Nurse for over 13 years and at all times material to this complaint.

1

3. Kathy Hendrix was the Associate Chief of Nursing and Laureen Doloresco was the Associate Director of Patient Care and Nursing Services at all times material to this complaint.

4. Each of the employees described herein was employed by Defendant and was acting within the course and scope of his or her employment with Defendant at the time of the conduct described herein.

## JURISDICTION AND VENUE

5. This Court has jurisdiction of the claims in this complaint under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, as amended, including § 2000e-16, and 42 U.S.C. § 2000e-2(m).

6. Plaintiff has complied with all jurisdiction prerequisites to action under Title VII, including having exhausted his administrative remedies. Plaintiff filed a formal EEO complaint related to the events described herein on May 11, 2021. More than 180 days have passed since the filing of his formal complaint, satisfying the jurisdictional requirements of 42 U.S.C. § 2000e-16(c).

7. Venue in the Middle District of Florida is proper under 42 U.S.C. § 2000e-5(f)(3), because Haley VAHCS is located and all the unlawful employment practices described herein occurred in the district.

## GENERAL ALLEGATIONS

8. Plaintiff has been subjected to disparate treatment and a hostile work environment/harassment based upon his race, ethnicity, sex, and reprisal for his protected EEO activity, as described in the following paragraphs.

2

9. In February 2018, Dr. William Messina, Chief of Ambulatory Care, who directly reports to Laureen Doloresco threatened to stop Plaintiff's transfer after accepting the Assistant Nurse Manager of Ambulatory Care Specialty Clinic position and pressured Davion Washington, Specialty Clinic Nurse Manager, to move forward with another candidate.

10. In September 2018, Plaintiff was placed on a mentoring/coaching plan.

11. In October 2018, Dr. Messina lowered Plaintiff's performance appraisal from outstanding to fully satisfactory. Plaintiff's direct supervisor, Ambulatory Care Specialty Clinic Nurse Manager, Davion Washington, has rated Plaintiff outstanding and stated to Plaintiff, "I believe you're outstanding; however, I don't have the authority to change the rating."

12. In or around April 2020, a Nurse Manager position for COVID Testing & Vaccination Clinics was created but not posted for Kelly Woods, a Caucasian female. Ms. Woods was preselected for the position and promoted from Assistant Nurse Manager of Nursing Operations to Nurse Manager of the COVID Team without competition. Plaintiff was denied the opportunity to interview for the position until February 2021. This would later deny Plaintiff the opportunity for advancement to Assistant Chief of Nursing Operations.

13. In November 2020, all Flu Taskforce leadership team members, except for Plaintiff, were assigned roles for recognition in the COVID Workgroup and given bonuses.

14. After the union got involved, management posted the Nurse Manager position that Ms. Woods had already held via an internal email on January 12, 2021.

15. On February 4, 2021, Plaintiff was notified of his nonselection for Nursing Manager of the COVID Team. Plaintiff was informed Ms. Wood's position had been given again to Ms. Woods.

16. In or around March 2021, Ms. Woods received another promotion to Assistant Chief of Nursing Operations.

17. In May 2021, Plaintiff applied for Nurse Manager, Nursing Operations (Temporary COVID-19), CBTC-11120734-21-DB and received notice of referral for the position on June 8, 2021.

18. On June 9, 2021, ORM Mediator Deogory Harris called Plaintiff via Microsoft Teams. Nursing management had tasked Harris with relaying a statement from the Agency: "The Agency would like it understood that if Mr. Showers is not interested in the [Agency's previously rejected] settlement offer, it would not consider him for the recently posted position." Plaintiff, however, wished to continue with his formal EEO Complaint.

19. In June 2021, because Plaintiff went forward with the processing of his formal EEO complaint, Kathy Hendrix unilaterally withdrew Plaintiff's name from consideration for the Nurse Manager, Nursing Operations (Temporary COVID-19) position.

20. On or around July 9, 2021, Plaintiff learned that he was not selected for Nurse Manager, Nursing Operations (Temporary COVID-19), CBTC-11120734-21-

4

DB. He was not interviewed for the position. The position was given to Blair Hebner, a Caucasian female with no Nurse Manager experience. The position reported to Kelly Woods, Assistant Chief of Nursing Operations, who was also the hiring official. The final decision, however, was made by Kathy Hendrix, Associate Chief Nursing, and Laureen Doloresco, Associate Director, Patient Care/Nursing Services.

## COUNT I
### Race, Ethnicity, and Sex Discrimination

21. Plaintiff Jerell Showers sues Denis McDonough, as Secretary of the Department of Veterans Affairs, for racial, ethnic, and sex discrimination under Title VII.

22. Plaintiff incorporates and realleges paragraphs 1 through 20.

23. The actions taken by Defendant, including the timely raised discrete acts, are part of a long pattern of materially adverse actions, statements, and antagonism against Plaintiff.

24. As a direct and proximate result of the foregoing conduct, Plaintiff has been denied equal employment opportunity for wages, promotion, and other terms and conditions of employment by the Defendant because of Plaintiff's race (Black), ethnicity (African American), and sex (male).

25. Defendant, through the Plaintiff's supervisors, has engaged in, directed, and/or ratified discriminatory conduct, and has frustrated Plaintiff's efforts to obtain relief and intentionally maintained these discriminatory and unlawful practices to the detriment of its employees.

26. At all relevant times, Defendant knew or should have known of the discriminatory actions being taken against Plaintiff and failed to take necessary action to prevent or correct those actions and, in fact, ratified such conduct. In the alternative, these practices were motivated by discriminatory animus.

27. Defendant, through acceptance of such conduct in this case and others, has adopted it and fostered an attitude among administrators, managers, and supervisors at the Haley VAMC that discrimination against employees is an acceptable employment practice.

28. Because of the willful actions of Defendant and its administrators, managers, and supervisors, and as a proximate cause thereof, Plaintiff has been and continues to be denied his rights to equal employment opportunity in violation of Title VII.

29. As a result of the foregoing, Plaintiff has been damaged. Plaintiff's damages include but are not limited to loss of pay; loss of benefits; loss of an amicable working environment; loss of career and professional opportunities; payment of attorneys' fees and legal costs; harm to professional reputation; and humiliation, degradation, embarrassment, and severe emotional suffering and distress. Plaintiff will continue in the future to suffer these damages absent relief from this Court.

30. Plaintiff has satisfied all conditions precedent to the filing of this suit, has been prevented by the Defendant from satisfying such conditions, or is excused under the law from satisfying any other conditions.

WHEREFORE, Plaintiff requests prospective relief, a judgment for damages, attorneys' fees and costs, and such other and further relief as this Court deems just and proper and for a trial by jury on all issues so triable.

### COUNT II
### Retaliation

31. Plaintiff Jerell sues Denis McDonough, as Secretary of the Department of Veterans Affairs, for retaliation under Title VII.

32. Plaintiff incorporates and realleges paragraphs 1 through 20.

33. Plaintiff engaged in EEO activity which is protected under Title VII that included good-faith opposition to unlawful discrimination as well as participation in his own EEO case.

34. Defendant was aware of each of Plaintiff's protected activities.

35. The actions taken by Defendant, including the timely raised discrete acts, are part of a long pattern of materially adverse actions, statements, and antagonism against Plaintiff.

36. The aforesaid adverse employment actions, other adverse actions, misconduct, and other conduct, acts, and omissions to Plaintiff's detriment were all taken by administrators and managing and supervisory personnel of the Haley VAMC in retaliation for Plaintiff's protected activity, as set forth above.

37. As a direct and proximate result of Plaintiff's protected EEO activity, Plaintiff has suffered adverse employment actions and other adverse actions, including

as set forth above. Alternatively, these practices were motivated by a discriminatory animus.

38. Defendant has intentionally maintained these retaliatory and unlawful practices to the detriment of its employees.

39. Defendant at all relevant times knew or should have known of the retaliatory actions being taken against the Plaintiffs.

40. Defendant failed to take necessary action to prevent or correct the retaliatory actions being taken and, in fact, ratified such conduct.

41. Defendant, through Plaintiff's supervisors, has engaged in, directed, and/or ratified retaliatory conduct and has frustrated the Plaintiffs' efforts to obtain relief under Title VII.

42. Defendant, through acceptance of such conduct, has fostered an attitude among administrators, managers, and supervisors at the Haley VAMC that retaliation against employees to discourage protected EEO activity is an acceptable employment practice.

43. Because of the willful actions of the Defendant and its administrators, managers, and supervisors, and as a proximate cause thereof, Plaintiff has been and continues to be denied his right to equal employment opportunity in violation of Title VII.

44. As a result of the foregoing, the Plaintiff has been damaged. Such damages include, but are not limited to, loss of pay; payment of attorneys' fees and legal costs; loss of an amicable work environment; loss of career and professional

opportunities; harm to professional reputation; and humiliation, anxiety, degradation, embarrassment, and severe emotional distress. Plaintiff will continue in the future to suffer the same damages absent relief from this Court.

45. Plaintiff has satisfied all conditions precedent to the filing of this suit, has been prevented by the Defendant from satisfying such conditions, or is excused under the law from satisfying any other conditions.

WHEREFORE, Plaintiff requests prospective relief, a judgment for damages, attorneys' fees and costs and such other and further relief as this Court deems just and proper and for a trial by jury on all issues so triable.

## COUNT III
### Harassment and Hostile Work Environment

46. Plaintiff Jerell sues Denis McDonough, as Secretary of the Department of Veterans Affairs, for harassment and hostile work environment under Title VII.

47. Plaintiff incorporates and realleges paragraphs 1 through 20.

48. Plaintiff belongs to the aforesaid protected groups and was subjected to unwelcomed harassment based upon his protected status. The harassment complained of has affected the terms, conditions, and privileges of Plaintiff's employment. The actions and conduct have created an intolerable hostile work environment and caused a change in Plaintiff's wages and working conditions.

49. Given the long history of these actions and based upon all the conduct alleged, Defendant at all relevant times knew, or should have known, of the above-referenced harassment and hostile work environment against the Plaintiff and that it

was based upon his national origin, race, age, or protected activity. Defendant has failed to take necessary action to prevent or correct the harassment and hostile work environment and, in fact, ratified such conduct.

50. Defendant, through Plaintiff's managers and supervisors, has engaged in, directed, or ratified conduct and denied and frustrated Plaintiffs' efforts to obtain relief. Defendant, through acceptance of complained-of conduct, has fostered an attitude among management within the Haley VAMC that subjecting employees to harassment and a hostile work environment is an acceptable employment practice.

51. Because of the willful actions of the Defendant and its administrators, managers, and supervisors, and as a proximate cause thereof, Plaintiff has been and will continue to be denied his rights to equal employment opportunity in violation of Title VII.

52. As a result of the foregoing, Plaintiff has been damaged. Such damages include but are not limited to loss of pay; loss of benefits; payment of attorneys' fees and legal costs; loss of an amicable work environment; loss of career and professional opportunities; harm to professional reputation; and humiliation, anxiety, degradation, embarrassment, and severe emotional distress. Plaintiff will continue in the future to suffer the same damages absent relief from this Court.

53. Plaintiff has satisfied all conditions precedent to the filing of this suit or has been prevented by the Defendant from satisfying such conditions or is excused under the law from satisfying any other conditions.

WHEREFORE, Plaintiff requests prospective relief, a judgment for damages, attorneys' fees and costs and such other further relief as this Court deems just and proper and for a trial by jury on all issues so triable.

## COUNT IV
### Injunctive Relief

54. Plaintiff Jerell Showers sues Denis McDonough, as Secretary of the Department of Veterans Affairs, for discrimination, including retaliation, under Title VII.

55. Plaintiff incorporates and realleges paragraphs 1 through 20.

56. Unless the above practices are enjoined, Plaintiff will suffer irreparable harm.

57. There is (1) a substantial likelihood of success on the merits; (2) irreparable injury that will be suffered unless an injunction is issued; (3) the threatened injury to Plaintiff is greater than any damage the proposed injunction may cause the opposing party; and (4) the injunction, if issued, will not disserve the public interest.

58. Plaintiff requests the Court award his attorneys' fees and costs and enter preliminary and permanent injunctions enjoining the following practices, actions, and conduct:

    a. Violating Title VII, as described above, including retaliation against Plaintiff for protected EEO activity and discrimination based on race, ethnicity, and sex.

b.  Such other practices, actions or conduct that the court deems appropriate and proper to enjoin.

WHEREFORE, Plaintiff demands trial by jury of all issues so triable and such other and further relief as the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff Jerell Showers hereby demands a trial by jury on all issues so triable.

Date: October 14, 2022    Respectfully submitted,

**/s/ Joseph D. Magri**
Joseph D. Magri
Sean McFadden
Merkle Magri, P.A.
5601 Mariner St., Suite 400
Tampa, FL 33609
Tel. (813) 281-9000
Fax.: (813) 281-2223
Email: jmagri@merklemagri.com
       smcfadden@merklemagri.com